HINES *v.* CONSUMERS' ICE & LIGHT COMPANY.

Opinion delivered May 16, 1927.

1. ELECTRICITY—NEGLIGENCE.—In an action for personal injuries, whether a light company was negligent in failing to keep properly insulated its wires near where plaintiff was engaged in repairing a telephone wire *held* for the jury.

2. ELECTRICITY—DUTY OF LINEMAN TO USE CARE.—Where a telephone company had the right to use poles of a light company for stringing and operating its wires, and its employees could climb upon light poles for that purpose, plaintiff, a lineman, was required to use ordinary care for his own safety while engaged in the performance of this work.

3. ELECTRICITY—KNOWLEDGE OF TELEPHONE LINEMAN.—A telephone company's lineman, engaged in stringing a telephone wire on the light company's poles, is charged with knowledge of defective insulation on light wires, which was in plain view near where he was working.

4. ELECTRICITY—CONTRIBUTORY NEGLIGENCE OF LINEMAN.—Negligence of a telephone lineman engaged in stringing wire on light poles, in jerking a telephone wire (which was in rolls and which he knew would have a tendency to recoil when not stretched) off of a limb of a tree, and bringing it in contact with defendant's live wire, barred a recovery for personal injuries.

Appeal from Columbia Circuit Court; *L. S. Britt,* Judge; affirmed.

*E. A. Upton* and *Henry Stevens*, for appellant.
*McKay & Smith,* for appellee.

HART, C. J.   Ross Hines brought this action against the Consumers' Ice & Light Company to recover damages for injuries which he alleges to have been the result of the defendant's negligence in failing to keep properly insulated its wires near where he was engaged in repairing a telephone wire.

This is the second appeal in the case. *Hines* v. *Consumers' Ice & Light Company,* 168 Ark. 914, 272 S. W. 59. Upon the former appeal it was held that, although an electric light (wire) company is not required to insulate all of its wires, a telephone lineman having a joint right to use its poles may recover for injuries sustained through failure of the light company to have the wires with which he might reasonably come in contact properly insulated. It was held further that a complaint, which alleges that a joint right to use a pole for transmitting electricity existed between an electric light company and a telephone company, and that, by reason of the negligence of the former in failing to insulate its wires properly, a servant of the latter company was injured, states a cause of action.

Upon the remand of the case the evidence for the plaintiff to sustain charges that the light company was guilty of negligence was, in substance, this:

E. G. Pettus wished to establish a telephone line from Magnolia to McNeil, in Columbia County, Arkansas. He made arrangements with the manager of the Consumers' Ice & Light Company to string his telephone wires on its light poles between its plant in Magnolia and some point in McNeil.   The light company had formerly operated a private telephone line on its light poles as an adjunct to its own business.   It made arrangements with Pettus whereby his telephone company would deliver the long distance messages of the ice company in consideration of the use of its light poles for stringing his telephone wires.   In order to operate his telephone line from Magnolia to McNeil, it became necessary for Pettus

to make connection between his offices and the wires of the ice company in the two towns, and also to repair and reconstruct the old telephone line on the light poles of the ice company. A. G. Huckaby and Ross Hines were employed by Pettus for the purpose of repairing and reconstructing the telephone lines. While making the repairs the telephone wire came in contact with a highly charged electric wire of the defendant, about six feet above where the telephone wire was to be strung. The electricity from the highly charged wire knocked Hines unconscious and severely burned his hand in which he held the telephone wire. The electric wire contained 2,300 volts, and the insulation on it had all worn off, and this defective condition had existed for quite a long time.

Under this state of facts the question of the negligence of the defendant was properly submitted to the jury. The plaintiff had a right to work on the light pole while constructing and repairing the telephone line, and the company might have been charged with knowledge that the defectively insulated wire would cause injury to any one engaged in work in close proximity to it. *Texarkana Telephone Co.* v. *Pemberton,* 86 Ark. 329, 111 S. W. 257, and *Morgan* v. *Cockrell, ante,* p. 910.

This brings us to the question of the contributory negligence of the plaintiff as a bar to his right of recovery. While the telephone company had the right to use the poles of the light company for stringing and operating its wires, and its employees might climb upon the light poles of the defendant for that purpose, still the plaintiff was required to use ordinary care for his own safety while engaged in the performance of his work. At the outset of the discussion on this branch of the case, it may be said that the plaintiff was charged with knowledge of the defective insulation of the light wires. His fellow-workman was a witness for the plaintiff, and testified that the insulation had all worn off of the electric light wire at the place where the plaintiff was injured, and that this defective condition had existed for a long time. There were 2,300 volts of electricity in the exposed

light wire.  The plaintiff was working about six feet below the live wire and about one hundred feet from the bare wire or place where it was defectively insulated at the time he was injured.  The plaintiff and Huckaby were working together at the time.  Huckaby did not climb poles, but hired the plaintiff to do this part of the work.  The plaintiff was a mature man, and must be charged with the knowledge of the defective insulation on the light wire, which was in plain view near where he was working.  At the time he was injured the plaintiff was climbing the electric wire poles and tying the telephone wire on them.  He had tied the telephone wire on three poles, and was hurt while he was engaged in tying it on the fourth pole, on West Main Street, in the town of Magnolia.  Huckaby was handling the wire on the ground so that the plaintiff could pull it up and tie it on the poles.  The wire on the ground was a part of a roll, which was kept in front of Huckaby.  In tying the wire on the pole they would have to pull the slack out of the telephone wire, that is, the slack between the pole the plaintiff was on and the one which he had previously tied the wire on.  In taking up this slack the wire got caught in a limb.  Huckaby pulled the wire out from under the limb and turned it loose.  The plaintiff then jerked the wire, and a kink formed in it.  The telephone wire formed a loop, and, when Huckaby released it from the limb, and the plaintiff jerked it, it flew up and came in contact with the light wire of the defendant about half-way between the poles.  The electric wire was not insulated at that point, and, as above stated, was about six feet above where the telephone wire was to be strung. In short, the telephone wire was to be strung on the electric light poles about six feet below the electric light company's primary wire.  The limb spoken of was about seven feet from the ground, and the electric-light wire was about thirty feet high.  The plaintiff should have anticipated that the telephone wire would coil up unless it was stretched, and that, when he jerked it, it was likely to do so and fly up and come in contact with the electric-

light wire, which was highly charged with electricity. The plaintiff and his fellow-workman should have used ordinary care to see that the telephone wire was kept stretched and see to it that it did not come in contact with the live wire of the defendant.

While the plaintiff's hand was severely burned on account of the telephone wire which he was holding coming in contact with the highly charged wire of the defendant, still his own fault and carelessness in the matter produced his injury and bars his right of recovery. He is charged with knowledge that the telephone wire was in rolls and was being unrolled for the purpose of stringing it along the light poles under the primary wire of the light company. He knew that the tendency of the wire could be to recoil itself when it was not stretched. He is bound to have known that, when the wire was jerked off of the limb, which was about seven feet from the ground, it would begin to coil or kink, and, when the plaintiff jerked it, he is charged with knowledge that he was likely to bring it in contact with the live wire of the defendant and bring about the very injury of which he now complains. Under these circumstances the court erred in not directing a verdict for the defendant on the ground that the plaintiff was barred of recovery under the facts proved by himself on account of his own contributory negligence in the matter.

The judgment must be affirmed. It is so ordered.